UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER HEFLEY,** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 4:15-cv-01578-ERW |
| **J&M SECURITIES, LLC,** and **SHANNON METZGER,** | ) |
| *Defendants.* | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S §§ 1692e(2)(A), 1692e(5), 1692f(1), 1692d and 1692f CLAIMS AND COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Pursuant to FED. R. CIV. P. 12(b)(6) and Local Rule 7-4.01, Defendants J&M Securities, LLC ("J&M") and Shannon Metzger ("Metzger") (collectively, "Defendants") submit this Memorandum in Support of their Motion to Dismiss Plaintiff's § 1692e(2)(A), 1692e(5), 1692f(1), 1692d and 1692f Claims and Counts II and III of Plaintiff's Complaint.

**I.     Introduction.**

On October 15, 2015, Plaintiff Jennifer Hefley ("Plaintiff") filed a three-count Complaint against Defendants purporting to allege violations of the Fair Debt Collections Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and of Missouri law.

In her Complaint, Plaintiff alleges the St. Louis County Circuit Court entered a judgment against her in the amount of $1,620.00 plus court costs in a case filed by Lemay Village Apartments ("State Collection Case"). Complaint, ¶ 14.  Plaintiff alleges that the state court "did not award" post-judgment interest. Id. at ¶ 15.  Plaintiff further alleges that, on or about October 2, 2013, Lemay Village Apartments assigned the judgment to J&M, and J&M filed the assignment, which was not attested by the clerk or the judge. Id. at ¶¶ 17, 19.  According to

{00333922.2}

Plaintiff's Complaint, the assignment was not legally effective without attestation, and thus J&M never possessed standing to garnish Plaintiff's wages. Id. ¶¶ 19-20.

Plaintiff further alleges that Metzger signed "at least seven" Execution/Sequestration/ Garnishment Application and Order forms on behalf of J&M requesting post-judgment interest. Id. at ¶ 21. According to Plaintiff's Complaint, the garnishment requests "were not signed by an attorney." Id. at ¶ 28.

In Count I, Plaintiff alleges Defendants violated the FDCPA by (a) falsely representing the character, amount and legal status of the debt (§ 1692e(2)(A)); (b) threatening to take action that cannot legally be taken (§ 1692e(5)); (c) collection of an amount that is not permitted by law (§ 1692f(1)); (d) garnishing Plaintiff's wages during the automatic stay (§ 1692d-f); and (e) engaging in deceptive, harassing and unfair conduct in the collection of a debt (§ 1692d-f). Complaint, ¶ 42.

In Count II, Plaintiff alleges Defendants issued a wrongful garnishment in violation of Missouri law. Complaint, ¶¶ 49-58. Specifically, Plaintiff alleges Defendants submitted an Execution/Garnishment/Sequestration Application and Order form which was not signed by an attorney, intending to cause injury to Plaintiff. Id. According to Plaintiff, Defendants' purported conduct abused and/or misused Missouri Supreme Court Rule 90 and REV. MO. STAT. § 525.010, *et seq.*, causing Plaintiff damage. Id.

In Count III, Plaintiff alleges Defendants abused the legal process in violation of Missouri law. Complaint, ¶¶ 59-68. Specifically, Plaintiff alleges Defendants used the legal process in an improper, illegal and perverted manner to garnish Plaintiff's wages and to collect unauthorized post-judgment interest, thereby causing Plaintiff damage. Id.

As discussed herein, Plaintiff's §§ 1692e(2)(A), 1692e(5), 1692f(1), 1692d and 1692f Claims and Counts II and III of Plaintiff's Complaint fail to state a claim on which relief can be granted, and the Court should dismiss those claims.[1]

**II.     Motion to Dismiss Standard.**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008).  Though the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party," the complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Rule 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.  A complaint that pleads facts that are "merely consistent with" a

---

[1] Defendants' motion does not seek dismissal of Plaintiff's claim Defendants violated the automatic bankruptcy stay, §§ 1692d-f, as stated in ¶ 42(d) of Plaintiff's Complaint.  Defendants, however, deny all liability to Plaintiff under the FDCPA.

defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief'" sufficient to overcome a motion to dismiss.  Iqbal, 129 S.Ct. at 1949-50.

**III.    Argument.**

  A. *Plaintiff's FDCPA Claims for Violation of §§ 1692e(2)(A), 1692e(5), 1692f(1), 1692d and 1692f Fail to State a Claim on Which Relief can be Granted.*

To succeed on a FDCPA violation claim, Plaintiff must establish that:  (1) she is a consumer, (2) Defendants are debt collectors, (3) Defendants attempted to collect a consumer debt, and (4) Defendants violated, by act or omission, the FDCPA.  Johnson v. PHH Mortg. Serv. Ctr., No. 4:12-CV-2105-RWS, 2012 U.S. Dist. LEXIS 167590, *7 (E.D. MO 2012).

  1. Plaintiff's § 1692e(2)(A) Claim Fails to State a Claim on Which Relief can be Granted Because, as a Matter of Law, the Assignment was Effective and Missouri Law Authorizes Post-Judgment Interest.

Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making false representations about the character, amount or legal status of a debt.  Eide v. Colltech, Inc., 987 F.Supp.2d 951, 962 (D. Minn. 2013).  For example, "[s]ending a collection letter indicating that a certain debt is due and payable" when the debt has been discharged constitutes a false representation about the legal status of the debt.  Id.

Plaintiff's allegations are insufficient to state a claim for a violation of § 1692e(2)(A).  First, Plaintiff alleges the assignment of the State Collection Case Judgment to Defendants was not legally effective because it was not attested by the clerk or the judge as "required" by REV. MO. STAT. § 511.690.  Complaint, ¶¶ 19-20.  Therefore, according to Plaintiff, J&M did not have standing to collect the judgment.  Id.

On the contrary, Missouri courts have repeatedly held REV. MO. STAT. § 511.690 merely instructs on **one possible way** to properly execute an assignment.  Boyd v. Sloan, 71 S.W.2d

1065, 1066 (Mo. 1934). However, there are other valid methods to assign a judgment. In fact, the Hon. Rodney W. Sippel recently denied Plaintiff's exact argument in a similar case. *See* Bland v. LVNV Funding, LLC, 2015 WL 5227414, No. 4:15CV425RWS, *6 (E.D. Mo. Sep. 8, 2015). In Bland, the plaintiff asserted an FDCPA claim, in part, on defendant's alleged "botched" assignment. Id. According to the plaintiff, since the assignment did not comply with REV. MO. STAT. § 511.690, it was ineffective. Id. The Court, however, denied the plaintiff's argument, noting the Boyd case. Since Plaintiff's allegation about the assignment fails as a matter of law, her allegation J&M did not have standing to collect on the judgment also fails.

Second, Plaintiff alleges Defendants added and attempted to collect post-judgment interest on the State Collection Case Judgment that was not awarded. Complaint, ¶¶ 15, 21-30. However, Missouri law authorizes post-judgment interest to accrue on a judgment, regardless of whether the court expressly "awarded" post-judgment interest. REV. MO. STAT. § 408.040.1. The statute provides: "interest **shall** be allowed on all money due upon any judgment or order of any court from the day of rendering the same …" Johnson v. BFI Waste Systems of North America, Inc., 162 S.W.3d 127, 129 (Mo. App. E.D. 2005) (emphasis added), citing REV. MO. STAT. § 408.040.1. Accordingly, Plaintiff's allegations misstate Missouri law.

Since Plaintiff's allegations do not, as a matter of law, establish Defendants' purported conduct misrepresented the character, amount or legal status of a debt, her Complaint fails to state a claim for a violation of § 1692e(2)(A).

> 2. Plaintiff's § 1692e(5) Claim Fails because her Complaint does not Allege Sufficient Facts Support her Claim that Defendants' Threatened to Take Action that cannot Legally be Taken.

Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken. Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000)

5

(finding a demand for attorneys' fees in a collection letter violated § 1692e(5) because state law did not authorize attorneys' fees on the debt).

The allegations in Plaintiff's Complaint do not establish a violation of § 1692e(5). As discussed above, Plaintiff's allegations do not establish J&M's assignment of the State Collection Case Judgment was ineffective. Bland, 2015 WL 5227414 at *6. Thus, contrary to Plaintiff's allegations, Defendants *could* legally garnish Plaintiff's wages. Moreover, Missouri law expressly authorizes post-judgment interest. Johnson, 162 S.W.3d at 129. Thus, Defendants attempts to collect post-judgment interest *could* legally be taken. As demonstrated by the foregoing, Plaintiff's Complaint does not alleges facts sufficient to state a claim for a violation of § 1692e(5), and the Court must dismiss her claim.

> 3. Plaintiff's § 1692d Claim Must Be Dismissed Because Her Complaint Does Not Allege Sufficient Facts To Plausibly State A Claim.

Section 15 U.S.C. § 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress or abuse the consumer in connection with collecting a debt. Moore v. CCB Credit Services, Inc., No. 4:11CV2132RWS, 2013 WL 211048 (E.D. Mo. Jan. 18, 2013). "Harassing, oppressive or abusive" conduct includes a high volume of telephone calls, rude and offensive messages and threatening language. Id. at *3. *See also* Hoover v. Monarch Recovery Management, Inc., 888 F.Supp.2d 589, 596 (E.D. Pa. 2012) (holding plaintiff's allegations that defendant requested her personal information was insufficient to state a claim under § 1692d). Plaintiff's Complaint is nothing more than a bare recital of the law on this issue. Her Complaint does not allege any conduct on the part of Defendants that was harassing, oppressive or abusive. Rather, Plaintiff's Complaint merely recites the law without

6

{00333922.2}

any facts supporting her claim. Consequently, Plaintiff's Complaint fails to state a claim for relief under § 1692d, and thus it must be dismissed.

        4.      <u>Plaintiff's § 1692f Claim Must Be Dismissed Because Her Complaint Does Not Allege Sufficient Facts To Plausibly State A Claim</u>.

Section 15 U.S.C. § 1692f prohibits a debt collector from using unfair and unconscionable means to collect a debt. <u>O'Connor v. Credit Protection Ass'n LP</u>, No. 4:11CV2187SNLJ, 2013 WL 5340927, *11 (E.D. Mo. Sep. 23, 2013). *"Section 1692f is considered to be a catch-all provision for conduct that is unfair but is not specifically identified in any other section of the FDCPA."* <u>Petri v. Valarity, LLC</u>, Case No. 4:15-cv-00072-CEJ [Doc. 11], *7 (E.D. Mo. Mar. 13, 2015), *citing* <u>Rush v. Portfolio Recovery Assoc., LLC</u>, 977 F.Supp.2d 414, 432 (D. N.J. 2013). Courts routinely dismiss § 1692f claims when a plaintiff does not identify conduct beyond that which she asserts violates other FDCPA provisions. <u>Id</u>.

Plaintiff's Complaint is completely devoid of any factual allegations suggesting Defendants engaged in unfair or unconscionable conduct that is not otherwise specifically identified in the other sections of the FDCPA. Thus, Plaintiff's generic § 1692f claim fails to state a claim upon which relief can be granted, and it must be dismissed.

        5.      <u>Plaintiff's § 1692f(1) Claim Fails to State a Claim on which Relief can be Granted because Missouri Law Authorizes Post-Judgment Interest</u>.

The FDCPA prohibits a debt collector from collecting any amount unless the amount is expressly authorized by the agreement or law. 15 U.S.C. § 1692f(1). Collection of the balance was clearly authorized by law because it was reduced to a judgment. Plaintiff's Complaint alleges Defendants attempted to collect an amount not authorized by adding post-judgment interest to the judgment in the State Collection Case. Complaint ¶¶ 15, 21-30. However, it is

well-settled that Missouri law authorizes post-judgment interest.  <u>Johnson</u>, 162 S.W.3d 127 at 129, citing REV. MO. STAT. § 408.040.1.  Therefore, Plaintiff's § 1692f(1) claim must be dismissed.

> B. *Count II of Plaintiff's Complaint Fails to State a Claim for Wrongful Garnishment Under Missouri Law.*

To state a claim for wrongful garnishment under Missouri law, a plaintiff must allege (1) that the garnished property is her property, and (2) that the defendant abused or misused the Missouri garnishment statute, REV. MO. STAT. § 525.010, *et seq*.  <u>Howard v. Frost National Bank</u>, 458 S.W.3d 849, 854 (Mo. App. E.D. 2015).

Plaintiff's allegations are insufficient to establish Defendants abused or misused the Missouri garnishment statute.  Plaintiff alleges the garnishments issued against her were wrongful because they "were not signed by an attorney."  However, Missouri's garnishment statute, REV. MO. STAT. 525.020, does not require an attorney's signature: "When a *fieri facias* shall be issued and placed in the hands of an officer for collection, it shall be the duty of the officer, **when directed by the plaintiff, his agent <u>or</u> attorney**, to summon garnishees."  REV. MO. STAT. 525.020 (emphasis added).  Here, Plaintiff's Complaint alleges garnishment writs were signed by Metzger as an agent of J&M.  Missouri courts have also held that the issuance of an execution and a garnishment is a ministerial act that does not constitute the practice of law.  <u>Div. of Employment Sec. v. Westerhold</u>, 950 S.W.2d 618, 621 (Mo. App. E.D. 1997).

In light of the foregoing, Plaintiff's allegations that Defendants intentionally abused Missouri's garnishment laws by filing a garnishment without an attorney are insufficient to state a claim for wrongful garnishment.  Thus, Count II of Plaintiff's Complaint must be dismissed.

8

{00333922.2}

    C. *Plaintiff's Complaint Fails to State a Claim for Abuse of Process under Missouri Law.*

To state a claim for abuse of process under Missouri law, a plaintiff must plead the following elements:  (1) the defendant made an illegal, improper, perverted use of process, neither warranted nor authorized by process, (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process, and (3) damage resulted.  Bland 2015 WL 5227414 at *7.  "An action for abuse of process does not lie 'where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim.'"  Id., citing Hinten v. Midland Funding, LLC, 2013 WL 5739035, at *10 (E.D. Mo. Oct. 22, 2013).  "Plaintiff must show that process was used to accomplish an unlawful end or to compel her to do something which she could not be compelled to do legally."  Id.

 Plaintiff's Complaint contains nothing more than bare assertions that Defendants use of the garnishment process "was improper, illegal and perverted."  Complaint, ¶ 61.  As discussed at length in this Memorandum, Plaintiff's allegations do not establish Defendants' assignment of the judgment was ineffective.  Moreover, Defendants had authority to collect post-judgment interest.  Johnson, 162 S.W.3d 127 at 129.  This was accomplished through a valid garnishment.  Thus, Plaintiff's allegations that Defendants are "compelling [her] to pay an amount that [she] did not owe" and "failing to release" the garnishment after she filed for bankruptcy" do not constitute facts sufficient to show Defendants used the legal process to "accomplish an unlawful end."  Complaint, ¶¶ 65; Bland 2015 WL 5227414 at *7.  Accordingly, Count III of Plaintiff's Complaint must be dismissed.

{00333922.2}

**IV.     Conclusion.**

For all of the foregoing reasons, Defendants request the Court enter an order granting their Motion to Dismiss Plaintiff's §§ 1692e(2)(A), 1692e(5), 1692f(1), 1692d and 1692f Claims and Counts II and III of Plaintiff's Complaint, with prejudice, and for such other and further relief as the Court deems appropriate.

          Respectfully submitted,

          LOWENBAUM LAW

          /s/ Matthew J. Aplington
          Matthew J. Aplington, #58565MO
          Julia M. Hodges, #64912MO
          222 South Central Avenue, Suite 900
          Clayton, Missouri 63105
          Telephone:  (314) 863-0092
          Facsimile:  (314) 746-4848
          maplington@lowenbaumlaw.com
          jhodges@lowenbaumlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 9th day of November, 2015, served a true and correct copy of the foregoing via the Court's Electronic Filing System upon the following counsel of record:

Richard A. Voytas, Jr., Esq.
Voytas & Company
1 North Taylor Avenue
St. Louis, Missouri 63108
Telephone:  (314) 932-1068
Facsimile:  (314) 667-3161
rickvoytas@gmail.com

          /s/ Matthew J. Aplington

10

{00333922.2}