## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **JENNIFER HEFLEY,** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 4:15-cv-01578-ERW |
| **J&M SECURITIES, LLC,** and **SHANNON METZGER,** | ) |
| *Defendants*. | ) |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants J&M Securities, LLC ("J&M") and Shannon Metzger ("Metzger") (collectively, Defendants) submit this Answer and Affirmative Defenses to Plaintiff Jennifer Hefley's ("Plaintiff") Complaint.

### JURISDICTION AND VENUE

1. Defendants admit Plaintiff's Complaint purports to allege a claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. ("FDCPA"). Defendants deny all allegations not specifically admitted herein and deny all liability to Plaintiff under the FDCPA.

2. Defendants admit this Court generally has jurisdiction over claims arising under the FDCPA pursuant to 15 U.S.C. 1692k(d) and 28 U.S.C. 1331. Defendants deny all allegations not specifically admitted herein and deny all liability to Plaintiff under the FDCPA.

3. Defendants admit Plaintiff's Complaint purports to allege claims for wrongful garnishment and abuse of process. Defendants deny all allegations not specifically admitted herein and deny all liability to Plaintiff for wrongful garnishment and abuse of process.

4. Defendants deny the allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

## PARTIES

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit Metzger is an adult individual citizen of the State of Missouri. Defendants further admit Metzger is employed by J&M. Defendants deny all allegations not specifically admitted herein.

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit Paragraph 12 demands a trial by jury.

## FACTS

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants state that the Judgment speaks for itself and is the best evidence of its contents. To the extent an answer is required, Defendants admit the allegations contained in Paragraph 14 but deny any inference regarding the collection of unauthorized amounts.

15. Defendants deny the allegations contained in Paragraph 15. Further answering, Defendants state that REV. MO. STAT. § 408.040.1 governs the application of post-judgment interest on Missouri court judgments.

16. Defendants deny the allegations contained in Paragraph 16. Further answering, Defendants state that REV. MO. STAT. § 408.040.1 governs the application of post-judgment interest on Missouri court judgments.

17. Defendants admit the allegations contained in Paragraph 17.

{00334330.1}

18.     Defendants admit the assignment assigned the July 23, 2009 Judgment in the collection case to J&M.  Defendants deny all allegations and inferences contained in Paragraph 18 not specifically admitted herein.

19.     Paragraph 19 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit assignment pursuant to REV. MO. STAT. § 511.690 requires attestation by the clerk or the judge.  However, further responding, Defendants state that assignment pursuant to REV. MO. STAT. § 511.690 is only one possible way to assign a judgment under Missouri law.  Defendants deny all allegations and inferences not specifically admitted herein.

20.     Defendants deny the allegations contained in Paragraph 20.

21.     Defendants admit Metzger has signed at least seven (7) Execution/Sequestration/ Garnishment Application and Order forms on behalf of J&M in the past year.  Defendants deny all allegations and inferences contained in Paragraph 21 not specifically admitted herein.

22.     Defendants admit that, on October 16, 2014, 14-GARN-74696 was issued in the collection case.  Defendants deny all allegations and inferences contained in Paragraph 22 not specifically admitted herein.

23.     Defendants admit receiving $347.11 from the St. Louis County Circuit Court on or about February 15, 2015.  Defendants deny the remaining allegations contained in Paragraph 23.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25.

{00334330.1}

26. Defendants admit that, on March 2, 2015, 15-GARN-13451 was issued in the collection case. Defendants deny all allegations and inferences contained in Paragraph 26 not specifically admitted herein.

27. Defendants admit that 15-GARN-13451 was accompanied by form garnishment interrogatories prescribed by Missouri Court Rule which are not required to be signed and which do not contain any signature line.

28. Defendants admit that, on July 20, 2015, 15-EXEC-2326 and 15-EXEC-2327 were issued in the collection case, accompanied by form garnishment interrogatories prescribed by Missouri Court Rule which are not required to be signed and which do not contain any signature line. Defendants deny all allegations and inferences contained in Paragraph 28 not specifically admitted herein.

29. Defendants admit that, on July 30, 2015, 15-GARN-48318 and 15-GARN-48321 were issued in the collection case, accompanied by form garnishment interrogatories prescribed by Missouri Court Rule which are not required to be signed and which do not contain any signature line. Defendants deny all allegations and inferences contained in Paragraph 29 not specifically admitted herein.

30. Defendants admit that, on August 31, 2015, 15-GARN-54865 was issued in the collection case, accompanied by form garnishment interrogatories prescribed by Missouri Court Rule which are not required to be signed and which do not contain any signature line. Defendants deny all allegations and inferences contained in Paragraph 30 not specifically admitted herein.

31. Upon information and belief, Defendants admit the allegations contained in Paragraph 31.

{00334330.1}

32. Upon information and belief, admitted. Further answering, Defendants state that they requested J&M's attorney of record to release the garnishment on or about September 23, 2015, and that no monies were actually received as a result of said garnishment.

33. Upon information and belief, admitted. Further answering, Defendants state that they requested J&M's attorney of record to release the garnishment on or about September 23, 2015, and that no monies were actually received as a result of said garnishment.

34. Paragraph 34 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 34. Defendants deny any wrongdoing related to the legal conclusions contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

## COUNT I: VIOLATION OF THE FDCPA – ALL DEFENDANTS

37. Defendants incorporate by reference each of their answers to Paragraphs 1 through 36 as if fully set forth herein.

38. Defendants admit the allegations contained in Paragraph 38.

39. Defendants admit J&M is a "debt collector" as defined by 15 U.S.C. 1692a(6). Defendants deny all allegations and inferences not specifically admitted herein.

40. Defendants admit the allegations contained in Paragraph 40.

41. Defendants admit the collection activity of which Plaintiff purports to complain about in her Complaint allegedly occurred within the previous twelve (12) months. Defendants deny all allegations and inferences contained in Paragraph 41 not specifically admitted herein.

42. Defendants deny the allegations contained in Paragraph 42(d). Defendants are not required to submit a response to the allegations contained in Paragraph 42(a, b, c and e) because

Defendants have filed a Motion to Dismiss those claims.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 42(a, b, c and e).

## COUNT II:  WRONGFUL GARNISHMENT – ALL DEFENDANTS

Defendants are not required to submit a response to the allegations contained in Paragraphs 49 through 58 because Defendants have filed a Motion to Dismiss Count II of Plaintiff's Complaint.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 49 through 58.

## COUNT III:  ABUSE OF PROCESS – ALL DEFENDANTS

Defendants are not required to submit a response to the allegations contained in Paragraphs 59 through 68 because Defendants have filed a Motion to Dismiss Count III of Plaintiff's Complaint.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 59 through 68.

## AFFIRMATIVE DEFENSES

A. Defendants deny all allegations contained in Plaintiff's Complaint not specifically admitted herein.

B. Defendants have no liability to Plaintiff under 15 U.S.C. § 1692, *et seq*., because even assuming falsely, but *arguendo*, that Defendants violated any provision of the FDCPA with respect to Plaintiff, any such violation was not intentional, but instead resulted from a *bona fide* error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid the error.  15 U.S.C. § 1692k(c).

C. All communications with Plaintiff complied with Plaintiff's requests with respect to those communications.

6

{00334330.1}

D.      Defendants reserve the right to add and amend its Affirmative Defenses as the case progresses.

WHEREFORE, Defendants request the Court dismiss Plaintiff's Complaint, with prejudice, and for such other and further relief as the Court deems appropriate.


Respectfully submitted,

LOWENBAUM LAW

/s/ Matthew J. Aplington
Matthew J. Aplington, #58565MO
Julia M. Hodges, #64912MO
222 South Central Avenue, Suite 900
Clayton, Missouri 63105
Telephone:  (314) 863-0092
Facsimile:  (314) 746-4848
maplington@lowenbaumlaw.com
jhodges@lowenbaumlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that I have on this 9th day of November, 2015, served a true and correct copy of the foregoing via the Court's Electronic Filing System upon the following counsel of record:

Richard A. Voytas, Jr., Esq.
Voytas & Company
1 North Taylor Avenue
St. Louis, Missouri 63108
Telephone:  (314) 932-1068
Facsimile:  (314) 667-3161
rickvoytas@gmail.com


/s/ Matthew J. Aplington

{00334330.1}