UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER HEFLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV01578 ERW |
| | ) | |
| **J & M SECURITIES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

### I.  BACKGROUND

Plaintiff Jennifer Hefley ("Plaintiff") filed her First Amended Complaint in this matter against Defendants J&M Securities, LLC (Defendant "J&M") and Shannon Metzger ("Defendant Metzger") on December 16, 2015. [ECF No. 13]. On December 31, 2015, Defendants J&M and Metzger filed an Answer to Plaintiff's Amended Complaint ("Answer") [ECF No. 14], and one minute later, filed their Motion to Dismiss Count III of Plaintiff's Amended Complaint ("Motion to Dismiss") [ECF No. 15]. Plaintiff filed her Motion to Strike Defendants' Motion to Dismiss ("Motion to Strike") on January 11, 2016. [ECF No. 17]. Plaintiff alleges in her Motion to Strike, pursuant to Federal Rule of Civil Procedure 12(b), Defendants' Motion to Dismiss should be stricken as improper because it was filed after pleadings were closed.

However, the Court notes Defendants' Answer states, with respect to Count III, as follows:

> Defendants are not required to submit a response to the allegations contained in Paragraphs 62 through 73 of Count III because Defendants have filed a Motion to Dismiss Count III of Plaintiff's Complaint. To the extent a response is required,

1

> Defendants deny the allegations contained in Paragraphs 62 through 73 of Count III.

[ECF No. 14]. Defendants cite opinions by this Court and the Eighth Circuit standing for the proposition a concurrently filed motion to dismiss and answer to a complaint may be converted to a 12(c) motion for judgment on the pleadings and is to be assessed as such under a 12(b)(6) standard of review. Alternatively, Defendants allege their Motion to Dismiss was filed simultaneous to their Answer and is thus permissible under Rule 12(b) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. However, motions to strike are generally disfavored and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). Nonetheless, the resolution of a motion to strike is within the discretion of the district court. *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996). A prayer for relief not available under the applicable law, or a prayer asserting a damage claim in excess of the maximum recovery, is properly subject to a motion to strike. *Johnson*, 926 F. Supp. at 875. However, the Court should "refrain from deciding new or close questions of law on a motion to strike to avoid the risk of offering an advisory opinion." *Airstructures Worldwide, Ltd. v. Air Structures Am. Techs., Inc.*, No. 4:09CV10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (*citing Lunsford*, 570 F.2d at 229-30).

## III. DISCUSSION

Plaintiff's Motion to Strike alleges, because the Motion to Dismiss was filed after their Answer, Defendants' Motion to Dismiss was barred by Rule 12(b) of the Federal Rules of Civil

Procedure, which provides "[a] motion asserting [failure to state a claim upon which relief may be granted] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12. Contrary to Plaintiff, Defendants contend their Motion to Dismiss was filed simultaneously with their Answer. Defendants' Answer itself references Defendants' Motion to Dismiss as if it were filed prior to or concurrently with Defendants' Answer, despite the ECF filing system showing the Motion to Dismiss as the latter of the two documents to be filed on December 31, 2015. [ECF Nos. 14, 15].

While the Court acknowledges the Answer was technically filed one minute prior to the Motion to Dismiss, it is apparent from the language within Count III of Defendants' Answer, which references the Motion to Dismiss, and the proximity in time in which these were filed, Defendants' intent was always for these documents to be filed simultaneously.

Likewise, this Court's policy of allowing a simultaneous motion to dismiss to be deemed filed first in time for purposes of 12(b)(6) is persuasive. "It is the opinion of this Court that the preferred rule to apply in situations where a defendant files his Rule 12(b) motion simultaneously with his answer is that the motion should be 'view[ed] as having preceded the answer and thus as having been interposed in a timely fashion.'" *Kuhlmeier v. Hazelwood Sch. Dist.*, 578 F. Supp. 1286, 1290 (E.D. Mo. 1984).

Additionally, the Court notes the procedural outcome, in the event the Court were to treat the Motion to Dismiss as untimely in light of the filing of Defendants' Answer, is virtually identical:

> [A] Rule 12(b)(6) motion cannot be filed after an answer has been submitted. *See* Fed. R. Civ. P. 12(b). But since Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted" may be advanced in a motion for judgment on the pleadings under Rule 12(c), we [may] treat the [] motion as if it had been styled a 12(c) motion. (Citation omitted). This distinction is purely

3

formal, because we review this 12(c) motion under the standard that governs 12(b)(6) motions.

*Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

While the Court recognizes the unpublished *Spradling* opinion of this Court, which Plaintiff cites for the proposition Defendants' simultaneous Motion to Dismiss is nevertheless untimely and deficient, on the facts of this case, the opinion does not contradict a conclusion Defendants would at minimum be allowed to convert their Motion to Dismiss into a 12(c) motion for judgment on the pleadings, as a mere formality; nor does the opinion cited contradict such a motion under Rule 12(c) would nevertheless be heard and decided under the same standard as Rule 12(b)(6).

In *State Farm Fire & Cas. Co. v. Spradling Home Inspections, LLC*, No. 4:10-CV-01887 NAB, 2011 WL 4056042, at *1 (E.D. Mo. Sept. 13, 2011), this Court held a 12(b)(6) motion filed on the same day defendants answered the Complaint was procedurally deficient. *Id.* Notably, while the Court also denied the conversion of the defendants' motion to dismiss into a 12(c) motion for judgment on the pleadings, the rationale was distinguishable because defendants' answer contained counterclaims. *Id.* at *1-2. Thus, the *Spradling* defendants were unable to file a 12(c) motion until the plaintiff had answered the counterclaim and the pleadings had closed. *Id.* Further, the *Spradling* answer made no reference to the motion to dismiss. [*Cf.* ECF No. 15]. The *Spradling* case is factually distinguishable from the case at bar.

Unlike in *Spradling*, Defendants' Answer in regards to Count III, specifically mentions their Motion to Dismiss. Though Plaintiff has cited authority for the proposition Defendants would have had 14 days from a potential denial of their Motion to Dismiss to file an Answer, Plaintiff has failed to raise any law which would prohibit Defendants' Answer. Moreover, Defendants' Answer to Count III stated they were not required to answer "because Defendants

*have filed* a Motion to Dismiss Count III of Plaintiff's Complaint." (Emphasis added.) Defendants' intention was for the Motion to Dismiss to precede their Answer, and this Court is not prepared to apply such disproportionate consequences as striking Defendants' Motion to Dismiss under the facts and circumstances of this case. The Court denies Plaintiff's Motion to Strike.

## ORDER

In accordance with the Memorandum and Order of this Court filed on this date and incorporated herein,

**IT IS HEREBY ORDERED** that Plaintiff JENNIFER HEFLEY's Motion to Strike Defendants' Motion to Dismiss is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff JENNIFER HEFLEY is directed to respond to Defendants' Motion to Dismiss within fifteen (15) days from the date of this Order.

So Ordered this 4th day of April, 2016.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE