UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER HEFLEY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV01578 ERW |
| | ) | |
| **J & M SECURITIES, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants J&M Securities, LLC (Defendant J&M) and Shannon Metzger's (Defendant Metzger) Motion to Dismiss Count III of Plaintiff Jennifer Hefley's (Plaintiff) First Amended Complaint. [ECF No. 15].

**I.    BACKGROUND**

Plaintiff filed her First Amended Complaint in this matter against Defendant J&M and Defendant Metzger alleging three counts for violations of the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692, et sq., and Missouri law. [ECF No. 13]. Plaintiff's Count III alleges an abuse of process claim, asserting Defendants improperly used the legal process by refusing to release their wage garnishment in violation of the automatic bankruptcy stay, for the improper purpose of having the Plaintiff's bankruptcy case dismissed for failure to make payments causing the Plaintiff damages. For the purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in the Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

The Saint Louis County Circuit Court entered a judgment against Plaintiff in a case filed by Lemay Village Apartments, although Plaintiff argues the judgment did not contain interest.

1

[ECF No. 13 ¶¶ 12-15]. On October 25th, Defendant J&M entered an assignment of the judgment with state court, and Plaintiff argues this assignment was defective because Plaintiff was not properly noticed. *Id*. at ¶¶ 20-31.

Plaintiff filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Missouri and placed Defendant J&M on her schedule F, therefore creating an automatic stay when the bankruptcy petition was filed. *Id*. at ¶¶ 46-47. Plaintiff alleges her counsel informed Defendants of the filing, and Defendants took no action for two weeks. *Id*. at ¶¶ 47-62. Plaintiff's counsel then called Defendant Metzger and informed her of her legal duty, where she allegedly refused to release the garnishment and became combative. *Id*. at ¶¶ 50-51, 60-61, 65. Only after Plaintiff's counsel emailed Defendants' counsel was the garnishment released. *Id*. at ¶ *68. Plaintiff alleges Defendants made it impossible for her to make her bankruptcy plan payments by refusing to release the garnishments, and the Defendants' purpose was to have the Plaintiff's bankruptcy dismissed for failure to make plan payments, in order to recover a higher amount from Plaintiff. *Id.* at ¶¶ *66, *68.[1]

Plaintiff alleges Defendants' abuse of process caused Plaintiff damages related to monetary loss, embarrassment, stress and anxiety; and the garnishment withheld Plaintiffs wages from Defendants causing her financial hardship as Plaintiff's budget was impacted. *Id.* at ¶¶ 69, 70.

## II.     STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that

---

[1] Plaintiff's First Amended Complaint after Paragraph 76 restarts numbering at 49 without an apparent rhyme or reason. Therefore, in order for clarity the Court will cite the later numbered paragraphs with an asterisk to denote them.

the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Although the Court must accept all of the factual allegations contained in the complaint as true, legal conclusions do not received this assumption of truth. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendants' Motion to Dismiss argues Plaintiff's Complaint fails to state a claim on which relief can be granted for abuse of process because the Complaint contains nothing more than argument the legal conclusions the garnishment process was improper, illegal or perverted. [ECF No. 16 at 4]. Plaintiff responds she pleaded more than sufficient facts to show Defendants improperly and illegally failed to release their garnishment; Defendants had an improper purpose in pursuing the garnishment in attempting to prevent Plaintiff from making her debt payments under bankruptcy; and Defendants abuse of process caused actual damages to the Plaintiff. [ECF

No. 26 at 3-5]. Defendants' reply argues Plaintiff's response focuses on her theory and reasoning for abuse of process, but does not address her deficient pleadings. [ECF No. 27].

Defendants argue the Plaintiff has not pleaded enough facts to show Defendants used an improper purpose to accomplish an unlawful end. To state a claim for abuse of process under Missouri law, a plaintiff must show: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." *Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1161-62 (E.D. Mo. 2015) (quoting *Ritterbusch v. Holt,* 789 S.W.2d 491, 493 (Mo. banc 1990)). "Abuse of process is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim." *Misischia v. St. John's Mercy Medical Center*, 30 S.W.3d 848, 862 (Mo.App.2000) abrogated on other grounds by *Ellison v. Fry*, 437 S.W.3d 762, 769–72 (Mo.2014) (en banc). It is a form of extortion, rather than the use of the process itself, which constitutes the tort. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 121, at 898 (5th ed.1984); *Nitcher v. Does*, 956 F.2d 796, 800 n. 5 (8th Cir.1992) (applying Missouri law). In *Nitcher*, abuse of process was found where a prisoner filed a lawsuit for the purpose of attempting to escape from prison. Abuse of process also existed after a defendant tried to extort payment of a civil claim against a plaintiff by filing a criminal complaint against him in municipal court, alleging plaintiff maliciously damaged defendant's automobile. *Ritterbusch*, 789 S.W.2d 492. In *Bland*, a claim of abuse of process was dismissed for failure to state a claim, when the defendant attempted to revive a judgment, because the plaintiff had not plead the motion was brought in any improper process. *Bland*, 128 F. Supp. 3d at 1162.

The essence of Plaintiff's claim is Defendant purposefully failed to release the garnishment, despite the law requiring Plaintiffs to do so, in order to make it impossible for Plaintiff to make her bankruptcy payments, and this was done for the improper purpose of allowing Plaintiffs bankruptcy to be dismissed, granting Defendants a possibly larger share of the recovery. Plaintiff has plead defendant used an improper use of the process by failing release the garnishment in light of the bankruptcy stay, meeting the first element of an abuse of process claim. [ECF No. 16 at ¶¶ 49-52, 59-67, 62*-73*].Plaintiff has also pled this was done for the purpose of preventing the Plaintiff from making her bankruptcy payments, and thus discharging her from bankruptcy, an improper purpose, which satisfies the third element of an abuse of process claim. Id. at ¶¶ 65, 62*-73*. Finally, Plaintiff has pleaded damages as a result of these actions, meeting the final element of an abuse of process claim. Id. at ¶¶ 65, 62*-73*. This is the type of extortion like activity described in *Nitcher*, where it is more than just filing a lawsuit for an improper purpose, and can be distinguished from *Bland* where the Defendant was not improper in attempting to revive the Judgment even if it was done for an improper purpose. Therefore, Plaintiff has stated a claim for abuse of process, where if everything she pleads is true would entitle her to relief, and Defendants motion to dismiss shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants J&M Securities, LLC, and Shannon Metzger's Motion to Dismiss Count III of the Plaintiff's First Amended Complaint is **DENIED**.

So Ordered this 10th day of May, 2016.

                                                                                          *E. Richard Webber*
                                                                                          _____
                                                                                          E. RICHARD WEBBER
                                                                                          SENIOR UNITED STATES DISTRICT JUDGE