UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER HEFLEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV01578 ERW |
| | ) |
| **J & M SECURITIES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants J&M Securities, LLC and Shannon Metzger's Motion to Stay Proceedings [ECF No. 39].

## I. BACKGROUND

Plaintiff Jennifer Hefley filed her First Amended Complaint in this matter against Defendants J&M Securities, LLC ("J&M") and Shannon Metzger ("Metzger"). Plaintiff asserts Defendant J&M is a debt-collector and Metzger is an individual doing business on behalf of J&M. Plaintiff alleges three counts against Defendants, including: violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, et sq.; wrongful garnishment of Plaintiff's wages; and, an abuse of process claim.

The First Amended Complaint states, *inter alia*, that the St. Louis County Circuit Court entered a default judgment against Plaintiff in a case filed by Lemay Village Apartments. The judgment did not award any post-judgment interest. An assignment of the judgment to Defendant J&M was then filed with the state court. Plaintiff claims the assignment was not properly attested as required by statute in Missouri. Defendants subsequently garnished Plaintiff's wages. Plaintiff filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for

1

the Eastern District of Missouri. Plaintiff alleges Defendants received notice of, but disregarded, the Bankruptcy Court's automatic stay and continued their garnishment activity.

Plaintiff asserts multiple claims against Defendants based upon these allegations. To support her allegations of FDCPA violations, wrongful garnishment and abuse of process, Plaintiff alleges the following: that J&M failed to effect a valid statutory or equitable assignment of the judgment, and therefore, never possessed standing to garnish Plaintiff's wages; that Defendants wrongfully attempted to collect post-judgment interest; and, that Defendants knowingly violated the Bankruptcy stay. Relevant to the Motion here, Plaintiff specifically contends Defendants were not entitled to collect post-judgment interest because the underlying judgment did not provide for it. Plaintiff maintains that under Missouri law, post-judgment interest is only recoverable if the judgment expressly awards such interest.

Currently before the Court is Defendants' Motion to Stay Proceedings, which asks the Court to stay this action pending a "determination of the issue of post-judgment interest" in the case, *Dennis v. Riezman Berger, P.C.*, No. ED103904.

## II. STANDARD

A district court has inherent power to stay its proceedings. *Bledose v. Janssen Pharmaceutica*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to stay proceedings, a district court must exercise judgment by weighing "competing interests" and maintaining "an even balance." *Id.* at 254-55; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties *Bledsoe*, 2006 WL

335450, at *1; *Rivers*, 980 F. Supp. at 1360. "The party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Marine Bank v. Rice*, No. 2:13 CV 98 CDP, 2015 WL 5568018, at *3 (E.D. Mo. Sept. 22, 2015) (quoting Landis, 299 U.S. at 255).

**III. DISCUSSION**

In their Motion, Defendants argue the proceedings should be stayed as the issue of post-judgment interest is still pending before the Missouri appellate courts in the *Dennis* case. Defendants ask the Court to stay the proceedings until *Dennis* is resolved. In *Dennis*, on September 20, 2016, a three-judge panel of the Missouri Court of Appeals-Eastern District found that post-judgment interest was not allowed unless specifically awarded.[1] On October 26, 2016, the Missouri Court of Appeals denied the respondent's Motion for Rehearing and Motion for Transfer to the Supreme Court. On November 10, 2016, the respondent applied to the Missouri Supreme Court for transfer. The Supreme Court has not yet ruled upon the application.

Defendants briefly offer two reasons the Court should stay the action. First, Defendants assert Plaintiff will depose Defendant Metzger and "that a point of inquiry in this deposition will be the question of [post]-judgment interest." Secondly, Defendants state Plaintiff will file a motion for summary judgment based on the issue of post-judgment interest.

In opposition to the Motion, Plaintiff argues: (1) Defendants will not be subjected to unnecessary discovery requests as the main focus of any discovery will be on grounds for

---

[1] Specifically, the Court of Appeals held that:
> The collection of post-judgment interest on a judgment, regardless of whether it was on a nontort or tort action, substantively changes the judgment, and the plain language of Section 408.040 indicates that trial court has a mandatory duty to grant post-judgment interest where sought, not that such interest is automatic on every judgment.

3

liability other than post-judgment interest; and, (2) staying the proceeding because Plaintiff may file a summary judgment motion in the future is premature, especially as it is unlikely the Missouri Supreme Court will grant transfer and reverse *Dennis*.

In considering Defendants' Motion to Stay, the Court must weigh the competing interests of the parties and whether a stay would promote judicial economy. Here, Defendants have not met their burden to show they would suffer hardship and inequity if their Motion is denied. As their sole basis for the stay, Defendants indicate waiting for the Missouri Supreme Court's response to the application for transfer in *Dennis* is warranted as (1) Plaintiff may inquire about post-judgment interest during an upcoming deposition, and (2) Plaintiff may use the issue of post-judgment interest as a basis for summary judgment in the future.

The Court finds that Defendants' allegations are insufficient to warrant a stay. The Court acknowledges a reversal in *Dennis* could impact Plaintiff's allegation regarding post-judgment interest. However, this is just one basis of liability articulated by Plaintiff--there are several other grounds that are unaffected by a possible reversal in *Dennis*. Moreover, it is purely speculative that the Supreme Court not only will accept transfer, but will then determine to reverse the Court of Appeals. In addition, the Court considers the risk of injury to Plaintiffs if the action is stayed. It is prejudicial to subject Plaintiff to what could be a lengthy delay based upon conjecture about reversal.

The Court further notes Defendants do not contend a stay would promote judicial economy in any way. Nor does the Court discern that staying the action on the basis of a possible transfer and reversal conserves judicial resources. As noted above, *Dennis* does not address or resolve all issues of liability in this case. Having weighed the competing interests in this matter, the Court concludes a stay is not warranted under the circumstances here.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay [ECF No. 39] is **DENIED**.

So Ordered this 12th day of December, 2016.

*E. Richard Webber*

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**